HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVTAR SINGH,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.

CASE NO. C13-223RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss. No one requested oral argument and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion (Dkt. # 15) and DISMISSES this action. The clerk shall enter judgment for Defendants.

## II. BACKGROUND & ANALYSIS

Plaintiff Avtar Singh filed a Form I-485 application for adjustment of status with United States Citizenship and Immigration Services ("USCIS") in March 2012. USCIS denied that application in May 2012. In its Notice of Decision, USCIS pointed out that 8 C.F.R. § 1245.2(a)(1)(i) provides as follows:

> In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.

ORDER – 1

Compl. (Dkt. # 1), Ex. 3. USCIS noted that Mr. Singh was "in removal proceedings before an immigration judge . . . as a non-arriving alien," and that the immigration judge therefore had "sole jurisdiction to adjudicate any application for adjustment of status you may file." *Id.*

Mr. Singh does not contest that an immigration judge issued an order to remove him in August 2008, that the Board of Immigration Appeals ("BIA") upheld that order on appeal in April 2010, and that his petition for review of the removal order has been pending before the Ninth Circuit Court of Appeals since May 2010. The court takes judicial notice of the Ninth Circuit docket.

In this court, Mr. Singh sued USCIS and the director of its National Benefits Center, asking the court to order USCIS to decide his adjustment of status application on the merits. Mr. Singh invoked both the judicial review provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, which permits judicial review of final agency actions, and 28 U.S.C. § 1361, which gives federal district courts jurisdiction over "any action in the nature of mandamus" to compel a federal officer or agency to "perform a duty owed to the plaintiff."

USCIS moved to dismiss the claim, invoking both Federal Rule of Civil Procedure 12(b)(1), which permits a court to dismiss a complaint over which it lacks subject matter jurisdiction, and Rule 12(b)(6), which permits a court to dismiss a complaint that fails to state a claim on which the court can grant relief. Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court

ORDER – 2

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Had Mr. Singh invoked only the APA, the court might be forced to determine if it has subject matter jurisdiction over this action. The APA permits judicial review of an agency action only when a statute expressly makes the action subject to review, or when the action is final and the plaintiff has "no other adequate legal remedy in a court." *Cabaccang v. USCIS*, 627 F.3d 1313, 1315 (9th Cir. 2010). In *Cabaccang*, the court held that "district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending." *Id.* at 1317. In the *Cabaccang* panel's view, the possibility of adjusting status in pending immigration court proceedings means that the USCIS's denial of an application for adjustment of status is not a final action subject to APA review. *Id.* at 1316-17. But the application of *Cabaccang*'s central holding to this case is not clear. In *Cabaccang*, removal proceedings were pending in the sense that the immigration judge had yet to make a decision on the merits. *Id.* at 1315 (describing procedural posture). In Mr. Singh's case, by contrast, the immigration judge and the BIA had already ordered him removed before he applied to the USCIS for adjustment of status. As Mr. Singh points out, it is too late for him to move to reopen his removal proceedings. *See Ocampo v. Holder*, 629 F.3d 923, 925 (9th Cir. 2010) (citing 8 U.S.C. § 1229a(c)(7)(C)(i), which requires an alien to move to reopen "within 90 days of the date of the entry of a final administrative order of removal"). USCIS argues that he has other means to reopen that proceeding, including by seeking the consent of the Government. The parties scarcely address whether Mr. Singh's failure to sooner seek

ORDER – 3

removal impacts the court's jurisdiction over his APA claim and they do not address at all whether Mr. Singh's petition in the Ninth Circuit impacts that question. Where an immigration court presiding over removal proceedings lacks jurisdiction to adjudicate an adjustment application, the Ninth Circuit has held that the USCIS's denial of an adjustment application is a final action subject to APA review. *Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013). But *Mamigonian* does not address a case like this one, where Mr. Singh pleads an inability to reopen his removal proceedings because he did not (and perhaps could not) timely request that relief. Mr. Singh does not explain whether he has attempted to reopen his removal proceedings or whether he intends to. The court is exceedingly reluctant to opine on subject matter jurisdiction over Mr. Singh's APA claim where the parties have declined to answer many of the questions underlying that determination.[1]

Fortunately, the court need not decide whether the USCIS's denial of Mr. Singh's petition is a final agency action, and thus need not decide whether it would have subject matter jurisdiction over a standalone APA claim in these circumstances. The court has subject matter jurisdiction over his claim invoking the mandamus provision of 28 U.S.C. § 1361, which suffices to assure the court that it has the power to entertain this case. Ultimately, Mr. Singh's claim for mandamus fails for the same reason his APA claim fails: the USCIS lacks jurisdiction to adjudicate his application for adjustment of status. Mandamus via § 1361 is available only when a plaintiff has a "clear and certain" claim

---

[1] The court observes, moreover, that it is not clear that the *Cabaccang* court (or any other court) held that the failure to challenge a final agency action means that a district court lacks *subject matter* jurisdiction over an APA claim. Although the Government argued in *Cabaccang* that the district court lacked "subject matter jurisdiction," 627 F.3d at 1315, the appellate panel did not explicitly endorse that view. It repeatedly referred instead to the court's "jurisdiction," a phrase that courts sometimes use loosely. *See, e.g.*, *Forester v. Chertoff*, 500 F.3d 920, 927 (9th Cir. 2007); *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010). The court suspects that the APA's general requirement of finality in agency actions is not a requirement of subject matter jurisdiction. *Cf. Morrison*, 130 S. Ct. at 2877 ("[T]o ask what conduct [a statute] reaches is to ask what conduct [it] prohibits, which is a merits question. Subject-matter jurisdiction, but contrast, refers to a tribunal's power to hear a case. . . . It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief.").

ORDER – 4

for a federal official to perform a duty that is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). The duty to which Mr. Singh points –USCIS's alleged duty to adjudicate his application for adjustment of status on its merits – is not "plainly prescribed," it is plainly proscribed by applicable regulations.

The court's holding is rooted in 8 C.F.R. § 1245.2(a)(1), the same regulation that USCIS invoked when it denied Mr. Singh's application for adjustment of status. It establishes a dichotomy of jurisdiction among federal agencies considering adjustment applications. For "any alien who has been placed in deportation proceedings or removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has *exclusive jurisdiction* to adjudicate any application for adjustment of status the alien may file." 8 U.S.C. § 1245.2(a)(1)(i) (emphasis added). By contrast, for an "arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien," unless the alien satisfies a regulatory exception not applicable to Mr. Singh. 8 U.S.C. § 1245.2(a)(1)(ii).

Mr. Singh's complaint does not allege that he is an "arriving alien." The regulation defining the terms used in the regulation quoted above defines "arriving alien" as follows:

> The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked. However, an arriving alien who was paroled into the United States before April 1, 1997, or who was paroled into the United States on or after April 1, 1997, pursuant to a grant of advance parole which the alien applied for and obtained in the United States prior to the alien's departure from and return to the United States, will not be treated, solely by reason of that grant of parole, as an arriving alien under section 235(b)(1)(A)(i) of the Act.

ORDER – 5

8 C.F.R. § 1001.1(q). Mr. Singh does not allege that he is attempting to enter the United States at a port-of-entry, that he has been granted parole to enter the country, or that he otherwise meets this regulatory definition of "arriving alien."

Mr. Singh's only attempt to assert that he is an arriving alien is not to allege facts placing him within the regulatory definition, it is to assert that all persons who apply for adjustment of status are deemed "arriving aliens." The cases Mr. Singh cites for that legal conclusion do not support his claim. Pltf.'s Opp'n (Dkt. # 20) at 13-14 (citing *Lawal v. United States Attorney General*, 710 F.3d 1288, 1292 (11th Cir. 2013), and several BIA decisions); Plft.'s Surreply (Dkt. # 22)[2] at 3-4 (citing *Lawal*). So far as the court is aware, arriving aliens are only those aliens who satisfy the definition at 8 C.F.R. § 1001.1(q). Mr. Singh does not satisfy that definition, or at least his complaint does not plausibly allege that he does.

Because Mr. Singh is in removal proceedings, and because his complaint lacks plausible allegations that he is an arriving alien, the immigration court has exclusive jurisdiction over his application for adjustment of status, and USCIS properly concluded that it had no jurisdiction to consider his application. Mr. Singh has thus failed to state an APA or mandamus claim on which the court can grant relief. The court suggests no opinion on whether Mr. Singh can obtain adjustment of status in his removal proceedings; it merely holds that USCIS properly concluded it had no jurisdiction to adjudicate his adjustment petition.

### III. CONCLUSION

For the reasons previously stated, the court GRANTS Defendants' motion to dismiss. Dkt. # 15. Mr. Singh did not request leave to amend his complaint, and there is no indication that amendment would lead to a different result. The court therefore

---

[2] Mr. Singh filed a surreply that does not comply with this District's local rules. Local Rules W.D. Wash. LCR 7(g) (describing purposes for which surreply is appropriate and procedure for filing one). The court has nonetheless considered his improper surreply.

ORDER – 6

DISMISSES his complaint with prejudice.  The clerk shall enter judgment for Defendants.

DATED this 6th day of January, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7